UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Crim. No.: 6:14-cr-0021-GFVT-2 |
| | ) | Related Civil No.: 6:16-cv-0049-GFVT |
| V. | ) | |
| | ) | |
| DAVID ROMO, | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| Defendant/Petitioner. | ) | **ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition filed by the former United States Magistrate Judge Robert E. Wier. [R. 530.] The Defendant, David Romo, has filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [R. 478.] Consistent with local practice, Judge Wier reviewed the motion and ultimately recommends that the Court deny the Defendant's § 2255 motion in its entirety.

Under Federal Rule of Civil Procedure 72(b)(2), a petitioner has fourteen days after service to register any objections to the Recommended Disposition or else waive his rights to appeal. In order to receive *de novo* review by this Court, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection must "explain and cite specific portions of the report which [defendant] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (internal quotations and citations omitted). A general objection that fails to identify specific factual or legal issues from the recommendation, however, is not permitted, since it duplicates the Magistrate's efforts and

wastes judicial economy. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Defendant Romo filed his first set of objections on July 25, 2016,[1] where he objected to the process by which Judge Wier made his recommendation. [R. 535.] On August 20, 2016,[2] Mr. Romo submitted a second set of objections. [R. 56.] However, this second set of objections was well outside of the fourteen days permitted to register objections, and thus untimely. Even so, the objections stated in Mr. Romo's second filing simply restate his position as expressed in his motion for § 2255 relief. The Court acknowledges its duty to review Mr. Romo's filings under a more lenient standard than the one applied to attorneys because Mr. Romo is proceeding *pro se*. *See Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985). Under this more lenient construction, the objections from July 25, 2016, are sufficiently definite to trigger the Court's obligation to conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1)(c). The Court has satisfied that duty, reviewing the entire record, including the pleadings, the parties' arguments, relevant case law and statutory authority, as well as applicable procedural rules. For the following reasons, Mr. Romo's objections will be **OVERRULED**.

**I**

Judge Wier's Recommended Disposition accurately sets for the factual and procedural background of the case. The Court mentions only key facts to frame its discussion and analysis and incorporates Judge Wier's discussion of the record into this Order.

---

[1] This filing date reflects the prison mailbox rule. *See Richard v. Ray*, 290 F.3d 810, 812–13 (6th Cir. 2002). Mr. Romo affirmed that he executed and mailed his objections on the 25th of July, 2016. [R. 535.] Thus, even though the objections were not docketed until August 5, 2016, fifteen days after the Recommendation was filed, his objections were timely filed on July 25, 2016.

[2] Again, reflecting the prison mailbox rule. *Richard*, 290 F.3d at 812–13. Mr. Romo affirmed that he executed and mailed his second set of objections on August 20, 2016, even though the objections were not docketed until August 23, 2016. [R. 536.]

In May 2014, Mr. Romo, along with ten co-defendants, was indicted for conspiracy to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846. [R. 1.] Mr. Romo entered a guilty plea to this charge on May 27, 2015. [R. 328; 401; 402.] On August 13, 2015, Mr. Romo was sentenced to 235 months, which Mr. Romo did not appeal. [R. 419.]

At sentencing, Mr. Romo had no objections to his Presentence Investigation Report, in which he received an enhancement under U.S.S.G. § 4B.1. [R. 532 at 5.] Under § 4B1.1, Mr. Romo was sentenced as a "career offender" because he was at least 18 years old at the time of the instant offense, the instant offense was a felony and a controlled substance offense, and Mr. Romo had at least two prior felony convictions of either a crime of violence or a controlled substance offense.

## II

### A

Mr. Romo claims his sentence is invalid because he was "erroneously sentenced" as an "ACCA offender." [R. 478 at 4.] However, the Court did not sentence Mr. Romo under the Armed Career Criminal Act (ACCA), which applies only to violations of 18 U.S.C. § 922(g). 18 U.S.C. § 924(e)(1). Judge Wier found, therefore, that Mr. Romo's claim that he was erroneously sentenced under the ACCA was "demonstrably wrong." [R. 530 at 4.]

However, Judge Wier liberally construed Mr. Romo's motion to consider the career-offender sentencing enhancement under U.S.S.G. § 4B1.1. *Id*. Even so, Judge Wier determined that Mr. Romo did not demonstrate, under the § 2255 standard, that he was entitled to habeas relief. *Id*. at 5. Mr. Romo did not point to any indication that the career-offender enhancement was invalid, other than his claim that *Johnson v. United States*, 135 S.Ct. 2551 (2015), invalidated "predicate offenses used by the Government." [R. 478 at 4.] To prevail on a motion

3

under § 2255, a petitioner must establish facts which entitle him or her to relief. *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to [even] warrant a hearing." *Id*. Thus, on the basis of Mr. Romo's § 2255 petition, Judge Wier found that his vague, conclusory statements, absent of specific facts, did not meet the required burden for relief. [R. 530 at 6.]

Even so, Judge Wier reviewed the record and found that the career-offender enhancement applied to Mr. Romo. *Id*. Mr. Romo was at least 18 years old at the time of his conviction. [R. 532.] The conviction was for a felony and a controlled substance offense. [R. 419.] The only criteria to be considered was whether or not Mr. Romo had at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1. Mr. Romo had more than two prior felony convictions for possession of heroin [R. 532 at 7, ¶24; R. 532 at 8, ¶¶27–28; R. 532 at 9, ¶30], plus a conviction for possession of cocaine and heroin [R. 532 at 9, ¶ 33.] Thus, even if the analysis of a "violent felony" applied under *Johnson*, Mr. Romo had multiple controlled substance offenses, enough to sentence him as a career offender. [R. 530 at 7–8.]

**B**

Mr. Romo's sole objection relates to his perceived inability to reply to the United States' response to his § 2255 petition. [R. 535.] Mr. Romo's motion was docketed on March 16, 2016. [R. 478.] Judge Wier required the United States to file a response, and then permitted Mr. Romo to reply within thirty days of the United States' response. [R. 480.] The United States filed a response on April 25, 2016. [R. 492.] Mr. Romo requested an additional sixty days to file a reply [R. 496], which Judge Wier granted in part, giving Mr. Romo until June 15, 2016, to reply [R. 497]. Judge Wier did not file his Recommendation until July 21, 2016, well over a month

4

after the deadline for Mr. Romo to reply. [R. 530.] Mr. Romo now contests this, requesting this Court vacate Judge Wier's Recommendation as "premature" and as a violation of his due process rights. [R. 535.]

While the Court generally applies a less stringent standard to pleadings made by *pro se* litigants, such a standard does not apply here. *See Pilgram v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Mr. Romo was well aware of the deadlines imposed by the Court, and such deadlines were readily comprehendible, even without formal legal training or familiarity with the applicable legal principles. *Jourdan*, 951 at 110. Judge Wier even waited an additional month after the recognized deadline to file a Recommendation, and Mr. Romo still filed no response. Similarly, Mr. Romo's second objections, filed on August 20, 2016, were well after the clearly articulated deadline of fourteen days following service of Judge Wier's recommendation. [R. 530 at 10; R. 536.] Thus, those objections are deemed waived. Fed. R. Civ. Pro. 72(b)(2). Accordingly, Mr. Romo's objections [R. 535; 536] are overruled.

## C

Subsequent to these objections, Mr. Romo has filed three motions to supplement his § 2255 petition. In each motion, Mr. Romo argues that his sentence violates due process because his prior convictions do not support a career offender enhancement in his sentence. Even assuming these motions were timely filed, Mr. Romo is still not entitled to relief.

In Mr. Romo's first motion, filed on October 7, 2016, he argues that his prior crime of conspiracy under 21 U.S.C. § 846 does not apply as a "controlled substance offense" under U.S.S.G. § 4B1.1. [R. 537.] However, the PSR does not reflect any prior conviction for conspiracy. [R. 532 at 6–10.] As stated previously, Mr. Romo had more than two prior felony

convictions for possession of heroin [R. 532 at 7, ¶24; R. 532 at 8, ¶¶27–28; R. 532 at 9, ¶30], plus a conviction for possession of cocaine and heroin [R. 532 at 9, ¶ 33.] Thus, even if his analysis was correct that a prior violation of § 846 does not count as a "controlled substance offense," Mr. Romo is not entitled to relief here. He had no prior convictions under § 846, much less convictions that were used as predicate offenses for a career offender enhancement. [*See generally* R. 532.]

In his second motion, dated November 4, 2016, he contends that his sentence was based on prior drug convictions, now invalidated by a Supreme Court ruling. [R. 538 at 2.] However, Mr. Romo does not indicate which convictions were invalidated or how they were invalidated. *Id.* Even if he were allowed to supplement his § 2255 petition with this new information, the facts are still not sufficient enough to entitle him to relief. These conclusions, without substantiation, are not enough to meet his burden. *See O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961).

Finally, Mr. Romo has filed on January 23, 2017, as a third motion for leave to supplement, a forty-two-page analysis on the career offender enhancement. [R. 539.] However, at no point in the motion does Mr. Romo indicate that such analysis applies to his convictions, nor does he even mention his own prior convictions. The analysis he provides applies only to federal crimes [R. 539] while the previous convictions that qualified him for an enhancement were Texas state crimes [R. 532 at 7, ¶24; R. 532 at 8, ¶¶27–28; R. 532 at 9, ¶30]. Only one prior conviction in his PSR was a federal crime. [R. 532 at 9, ¶ 33.] Even assuming Mr. Romo's analysis here regarding federal convictions is correct, Mr. Romo had enough prior state felony and controlled substance convictions to support an enhancement as a career offender.

# III

After reviewing *de novo* the entire record, as well as the relevant case law and statutory authority, the Court agrees with Judge Wier's thorough analysis of Mr. Romo's claims. The Court also denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) as to each issue asserted. Under Rule 11 of the Federal Rules Governing § 2255 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant . . . ." Rules Governing Section 2255 Proceedings, Rule 11. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As set forth by the United States Supreme Court, this standard requires the petitioner to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." See *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Under this standard, the Court believes that this order, which adopts and incorporates by reference the Magistrate Judge's Recommendation, is not debatable enough to issue a certificate of appealability. Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendant/Movant David Romo's Objections to the Recommended Disposition [**R. 535; R 536**] are **OVERRULED**;

2. The Magistrate Judge's Recommended Disposition [**R. 530**] is **ADOPTED** as and for the Opinion of this Court;

3. The Defendant's Motion to Vacate under § 2255 [**R. 478**] is **DISMISSED WITH PREJUDICE**;

4. Defendant's Motion to Supplement is **DENIED** [**R. 537**];

5. Defendant's Second Motion to Supplement is **DENIED** [**R. 538**];

6. Defendant's Third Motion to Supplement is **DENIED** [**R. 539**];

7. A Certificate of Appealability is **DENIED** as to all issues raised by the Defendant; and

8. **JUDGMENT** in favor of the United States will be entered contemporaneously herewith.

This the 27th day of August, 2018.

Gregory F. Van Tatenhove
United States District Judge